UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ZONTINI,

        Plaintiff,                                No. 12-14912

v.                                           District Judge Patrick J. Duggan
                                                     Magistrate Judge R. Steven Whalen

MERCHANTS RECOVERY SERVICES,
INC. and GARY BEMIS

        Defendants.
                                      /

**REPORT AND RECOMMENDATION**

Plaintiff has brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Michigan Collection Practices Act, M.C.L. § 445.221, *et seq*. Before the Court is Plaintiff's Motion for Entry of Default Judgment [Doc. #13], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that an evidentiary hearing on damages be scheduled.

**I. FACTS**

Plaintiff alleges in her complaint that in 2002, Defendants obtained a California money judgment against a Ms. Miller-Rosenthal. Plaintiff alleges that on May 5, 2012, Defendant Bemis, a debt collection attorney, "provided a false affidavit to the California Court stating that Ms. Miller-Rosenthal was now [known] as Patricia Zontini," *Complaint*, ¶ 11, and obtained an amended judgment to include Plaintiff Patricia Zontini as a judgment debtor. *Id.* ¶¶ 12, 14. Plaintiff states that she "has no connection or affiliation with Ms. Miller-Rosenthal and does not owe the debt." *Id.* ¶ 13. Subsequently,

Bemis garnished Plaintiff's wages. After he was notified by Plaintiff's former counsel of the error, Bemis "withdrew the garnishment but did not return the funds." *Id.* ¶¶ 18-20. He then issued a second garnishment. *Id.* ¶ 21. The Plaintiff claims that "[i]n spite of receiving actual notice of his error and the harm to Ms. Zontini, Mr. Bemis has refused to return the money, and has instead issued repeated garnishments against a person who has no connection to the debt which he sought to collect on behalf of his client." *Id.* ¶ 23.

Attached to Plaintiff's motion is the affidavit of Levon Madatian, a process server engaged by Plaintiff. He states that on four separate occasions–January 15, 2013, January 17, 2013, January 18, 2013 and January 22, 2013–he attempted personal service of the summons and complaint on Gary Bemis, during business hours, at 5300 Orange Ave., Suite 116, Cypress, CA 90630. Mr. Madatian further states as follows:

> "The Mr. Gary Bemis office is only accessible with the assistance of he's [sic, his] personal Secretary Natalie Moore. On every single occasion that I attempted service, Secretary Natalie Moore refused to allow me entry to effectuate Service of Process.
>
> "On January 23, 2010, for the fifth time, I attempted service of the Summons, Complaint, for Gary Bemis, with no success. Therefore, I had no choice but to give the above-mentioned Documents to Natalie Moore and I told her, 'Please give these Court Papers/documents to Mr. Gary Bemis, Merchants Recovery Services, Inc' at 3:09 PM Wednesday January 23, 2013. Thereafter, I mailed the above-mentioned Docmuments via First Class Mail to: Gary Bemis 5300 Orange Ave. Suite 116, Cypress, CA 90630."

On January 4, 2013, the Clerk of this Court entered defaults against Defendants Merchants Recovery Services, Inc. and Gary Bemis [Doc. #10 and #11]. Plaintiff now moves for a default judgment against both Defendants.

## II.   STANDARD OF REVIEW

Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. Rule 55(b)(2)

states that in entering a default judgment:

> [t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

"This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Yesligaj v. Peterson,* 331 F. App'x. 351, 354–55 (6th Cir.2009) (citing *Fustok v. Conticommodity Services, Inc.,* 873 F.2d 38, 40 (2nd Cir.1989).

An entry of default by the Clerk pursuant to Rule 55(a) is a prerequisite to obtaining a default judgment. *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004); *Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004).

### III.    DISCUSSION

Three conditions must be satisfied before a judgment of default is entered. First, there must be a Clerk's entry of default. Second, the defendant must have been properly served. And third, the defendant must have failed to plead or otherwise defend against the action.

On January 4, 2013, the Clerk entered defaults against both Defendants. Thus, the first procedural prerequisite to entry of default judgment has been satisfied.

Defendants were properly served by alternative service under California law. Fed.R.Civ.P. 4(e)(1) provides that service may be effected "pursuant to the law of the

state in which the district court is located, or in which service is effected...." California Code of Civil Procedure § 415.20 provides as follows:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.
>
> (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Under California law, "[n]either service by mail nor substituted service requires the plaintiff to obtain permission of the court before using the alternative to personal service." *Board of Trustees of the Leland Stanford Junior University v. Ham*, 216 Cal.App.4th 330, 156 Cal.Rptr.3d 893, 898 (2013).

To effect substitute service under § 415.20(b), a plaintiff must show that the defendant cannot be personally served using "reasonable diligence." "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as

' "reasonable diligence." ' " *American Exp. Centurion Bank v. Zara, supra,* 199 Cal.App.4th 383, 389, 131 Cal.Rptr.3d 99 (2011).  Here, Plaintiff attempted personal service on Defendant Bemis and Merchants Recovery Services, Inc. four times, at their place of business and during usual office hours, only to be rebuffed by Defendants' secretary.  On the fifth attempt, the summons and complaint were given to the person "apparently in charge" of the office, and that person was advised of the nature of the papers. Plaintiff followed up by mailing a copy of the summons and complaint by first-class mail. Mr. Madatian's affidavit shows that Plaintiff properly effected service on Defendants under both paragraphs (a) and (b) of California Code of Civil Procedure § 415.20.

Finally, having been properly served, neither Defendant has plead or otherwise defended this action.  Accordingly, entry of default judgment is appropriate under Fed.R.Civ.P. 55(b).

Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110–11 (6th Cir.1995); *Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir.1993). The facts set forth in the Plaintiff's complaint would support her claim for monetary damages, statutory damages under the FDCPA, emotional distress, and attorney fees and costs. Under Rule 55(b)(2)(B), the Court should conduct an evidentiary hearing to determine the amount of damages and attorney fees.

## IV.   CONCLUSION

I recommend that Plaintiff's Motion for Entry of Default Judgment [Doc. #13] be GRANTED, and that the Court schedule an evidentiary hearing to determine the amount of damages and attorney fees.

PLAINTIFF SHALL SERVE A COPY OF THIS REPORT AND RECOMMENDATION BY FIRST-CLASS MAIL, ADDRESSED TO DEFENDANTS AT: 5300 ORANGE AVE., SUITE 116, CYPRESS, CA 90630.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. L.R. 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 9, 2013                s/ R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 9, 2013, electronically and/or by U.S. Mail.

s/Michael Williams<br>
Relief Case Manager for the<br>
Honorable R. Steven Whalen