UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ZONTINI,

       Plaintiff,

v.

MERCHANT RECOVERY SERVICES,
INC. and GARY BEMIS,

       Defendants.
_____/

Civil Case No. 2:12-cv-14912
Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This matter is presently before the Court on Plaintiff's motion for attorney's fees, filed on October 3, 2013, pursuant to Federal Rule of Civil Procedure 54(d) and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

### Background

Plaintiff initiated this lawsuit against Defendants on November 3, 2012, alleging violations of the federal Fair Debt Collection Practices Act and the Michigan Collection Practices Act.  After obtaining a Clerk's Entry of Default on January 14, 2013, Plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) on January 29, 2013.  This Court referred the motion to Magistrate Judge R. Steven Whalen for a report and recommendation (R&R)

pursuant to 28 U.S.C. § 636(b)(1)(B) on February 27, 2013. In a R&R issued July 9, 2013, Magistrate Judge Whalen recommended that this Court grant Plaintiff's motion and schedule an evidentiary hearing on the issue of damages. Following such an evidentiary hearing on September 4, 2013, this Court entered a Judgment in favor of Plaintiff and against Defendants in the amount of $100,000.00.

On October 2, 2013, Plaintiff filed a Bill of Costs seeking costs against Defendants in the amount of $415.90. On the same date, the Clerk of the Court taxed $404.00 in costs against Defendants. The following day, Plaintiff filed her pending motion for attorney's fees. According to the motion, Plaintiff's counsel billed more than 24 hours in this case, with the firm's paralegal billing 2.13 hours and law clerks billing 2.54 hours. (Pl.'s Mot. Ex. 2.) Plaintiff's counsel billed at an hourly rate of $400 for himself, $90-100 for his paralegal, and $50-100 for his law clerks. (*Id.*) Although the lodestar calculation totals more than $10,000.00 in fees, Plaintiff requests an award of only $6,676.00.

## Applicable Law and Analysis

The FDCPA entitles a prevailing party to "the costs of the action, together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a)(3). Plaintiff has prevailed in her lawsuit.

The starting point for calculating a reasonable attorney's fees award "should be the determination of the fee applicant's 'lodestar,' which is the proven number

of hours reasonably expended on the case by an attorney, multiplied by his [or her] court-ascertained reasonable hourly rate." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct 1933, 1939 (1983)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939. The Supreme Court has instructed district courts to exclude fees that were not "reasonably expended." *Id.* at 434, 103 S. Ct. at 1939. Once the district court determines the fee applicant's lodestar, the court must consider other factors relevant to the reasonableness of any fee award, such as: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3, 103 S. Ct. at 1937 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Having reviewed Plaintiff's motion and supporting documentation, the Court

-3-

finds the hours Plaintiff's counsel expended on this litigation to be reasonable. While the Court finds the hourly rate cited by Plaintiff's counsel to be fairly high, the actual rate sought is much less when based on the actual fee award sought. In other words, when the Court divides the amount of the requested award ($6,676.00) by the actual and reasonable hours expended by Plaintiff's counsel (24.7), the hourly rate on which the award is based is only $270. This rate is reasonable. The Court does not believe that any other factors require an adjustment to the hours billed or rate sought.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for attorney's fees is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendants shall pay Plaintiff attorney's fees in the amount of $6,676.00.

Dated: October 15, 2013

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copy to:
Ian B. Lyngklip, Esq.